UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
M. PARRIS,

                    Plaintiff,          **MEMORANDUM & ORDER**
      -against-                         14-CV-06907 (PKC)(RER)

FREMONT INVESTMENT & LOAN,

                    Defendants.
----------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Michelle M. Simms-Parris ("Simms-Parris" or "Plaintiff") filed this action in diversity pursuant to 28 U.S.C. § 1332 against Fremont Investment & Loan ("Fremont") on November 25, 2014, seeking, *inter alia*, to quiet title a property located at 621 Lenox Rd., Brooklyn, NY 11203 ("Property") for an amount greater than $150,000. (Complaint, "Compl.", Dkt 1.) HSBC Bank U.S.A., N.A. ("HSBC"), as Trustee under the Pooling and Servicing Agreement dated as of September 1, 2006, Fremont Home Loan Trust 2006-C, intervened on behalf of Defendant Fremont on November 6, 2017. (*See* Dkts. 37, 38, and Nov. 6, 2017 ECF Order.) HSBC moved to dismiss this action pursuant to the *Colorado River* abstention doctrine (Dkt. 48), and on January 16, 2018, Defendant HSBC's motion was referred to the Honorable Ramon E. Reyes, Jr. for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b). (January 16, 2018 ECF Order Referring Motion.) Plaintiff failed to timely respond to Defendants' motion. On May 22, 2018, Judge Reyes issued an R&R recommending that the Court grant HSBC's motion to dismiss. (Dkt. 51.) Plaintiff timely filed her objections *pro se* on June 8, 2018. (*See* Dkt. 51, granting Plaintiff until 06/8/2018 to file her Objections; Plaintiff's Objections,

"Pl.'s Obj.", Dkt. 53.) For the reasons set forth below, the Court adopts Judge Reyes's thorough and well-reasoned R&R in its entirety, and grants Defendant HSBC's motion to dismiss.[1]

## STANDARD OF REVIEW

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To the extent that a party makes specific and timely objections to a magistrate judge's findings or recommendations, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been *properly* objected to.") (emphasis added). Courts have held that when invoking *de novo* review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections [.]" *LaBarbera v. D. & R. Materials Inc.*, 588 F.Supp.2d 342, 344 (E.D.N.Y. 2008) (quotations and citations omitted).

However, if "no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report [and] recommendation only for clear error." *Bassett v. Elec. Arts, Inc.*, 93 F.Supp.3d 95, 101 (E.D.N.Y. 2015) (quoting *Rahman v. Fischer*, No. 10-CV-1496 (LEK) (TWD), 2014 WL 688980, at *1 (N.D.N.Y. Feb. 20, 2014)). While " 'the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest' ",

---

[1] The Court presumes the parties' familiarity with the underlying facts of this action, which are set forth in detail in Judge Reyes's R&R. Accordingly, only the facts necessary for the decision on the objections to the R&R are discussed herein.

*Figueroa v. City of New York*, No. 11-CV-3160 (ARR) (CLP), 2017 WL 6596631, at *2 (E.D.N.Y. Dec. 22, 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)), a *pro se* attorney "cannot claim the special consideration which the courts customarily grant to pro se parties." *Harbulak v. Suffolk Cnty.,* 654 F.2d 194, 198 (2d Cir. 1981). Further, " 'even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal.' " *Figueroa,* 2017 WL 6596631, at *2 (quoting *Howell v. Port Chester Police Station*, No. 09-CV-1651 (CS) (LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010)). Moreover, "[i]n this district and circuit, it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Illis v. Artus*, No. 06-CV-3077 (SLT) (KAM), 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) (quotations and citations omitted) (collecting cases).

## DISCUSSION

As a preliminary matter, Plaintiff is an attorney who was disbarred in New Jersey in 2011, *In re Simmsparris,* 28 A.3d 1240 (N.J. 2011), and in New York in 2013. *In re Simms-Parris,* 112 A.D.3d 26 (2d Dept. 2012); *see also* Dkt. 27 at 8:4-8.) Therefore, the Court will not treat Plaintiff's Objections and pleadings with the deference generally afforded to *pro se* litigants. *See Fagan v. United States Dist. Court S. Dist. of N.Y.,* 644 F.Supp.2d 441, 449 (S.D.N.Y. 2009) (finding that a disbarred attorney appearing *pro se* was not entitled to heightened deference). To the extent Plaintiff makes "general objections" (Pl.'s Obj. at ECF 1)[2], the Court reviews Judge

---

[2] For ease of reference, citations to Court documents utilize the pagination generated by the CM/ECF docketing system and not the document's internal pagination.

3

Reyes' R&R for clear error, *Bassett,* 93 F.Supp.3d at 101, and finds none. To the extent Plaintiff specifically objects that Judge Reyes erred in applying the *Rooker-Feldman*[3] or *Colorado River* abstention doctrines, because Plaintiff could have raised her arguments in response to the motion to dismiss before Judge Reyes, yet failed to do so before making any objections, the Court will not consider these arguments. *Illis*, 2009 WL 2730870, at *1. Accordingly, after a careful review of the R&R and finding no clear error, the Court adopts Judge Reyes's thorough and well-reasoned R&R in its entirety, and grants Defendant HSBC's motion to dismiss.

## CONCLUSION

Accordingly, for the reasons stated above, the Court adopts Judge Reyes's R&R in its entirety, and grants Defendant HSBC's motion to dismiss, both on the basis of the *Colorado River* abstention doctrine, and in the alternative, for failure to state a claim upon which relief may be granted. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976); Fed. R. Civ. P. 12(b)(6). The Clerk of Court is respectfully requested to enter judgment, mail a copy of the judgment and this Memorandum and Order to Plaintiff, and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: July 11, 2018
Brooklyn, New York

---

[3] Further, Plaintiff's objection with regard to the application of the *Rooker-Feldman* abstention doctrine, (*see* Pl.'s Obj. at ECF 2-3) is inapposite; the R&R finds that the *Rooker-Feldman* doctrine does not apply in the instant case in any event. (R&R at ECF 3.)